# Exhibit A



# LAW OFFICES OF ERIC FRANZ, P.L.L.C.

747 Third Avenue
20th Floor
New York, New York 10017

PH: (212) 355-2200
FAX: (212) 937-2217
www.efranzlaw.com

July 10, 2013

VIA HAND
Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

RE:   USA v. AL KARAQI; 11Cr.486 (DLI)

Dear Judge Irizarry:

I represent Mr. Al Karaqi in the above-referenced matter and in accordance with your Standard Requirements in Criminal Cases, hereby enclose a hard courtesy copy of Mr. Karaqi's PSR objections letter which was mailed to the Probation Department today.

For the Court's information, Mr. Karaqi is scheduled to be sentenced by Your Honor on August 27, 2013. His PSR objections were originally due to be submitted by July 8, 2013. However, on June 28, 2013, Your Honor granted undersigned counsel's request to submit our objections to the PSR by July 15, 2013. I thank you for that accommodation.

Thank you.

Very truly yours,

ERIC FRANZ, ESQ.

cc: AUSA Una Dean



**LAW OFFICES OF ERIC FRANZ, P.L.L.C.**

747 Third Avenue
20th Floor
New York, New York 10017

PH: (212) 355-2200
FAX: (212) 937-2217
www.efranzlaw.com

July 9, 2013

Attn: Erin Stewart
United States Probation Officer
U.S. Probation Office
Eastern District of New York
147 Pierrepont Street
Brooklyn, New York 11201

Re:   *U.S. v. Al Karaqi, 11 Cr. 486 (DLI)*

Dear U.S.P.O. Stewart,

We respectfully submit the following comments and objections to the pre-sentence report ("PSR") prepared by your office in the above-referenced case:

**Page 7, paragraph 20:**  Mr. Karaqi disputes that he ever conspired to establish a marijuana grow facility in Colorado, or that he engaged in a fact finding trip to Colorado, or that he ever purchased several pounds of marijuana from Thaqi to sell to others.  These statements should be withdrawn from the PSR and replaced with the following factual averments:

1. that Karaqi had provided samples of marijuana to another individual so that the individual could determine if he was interested in purchasing marijuana from Thaqi, not the Karaqi. Mr. Karaqi did not make any money from this transaction;

2. that Mr. Karaqi took steps to set up a marijuana grow facility in Michigan, not Colorado, and travelled there for that purpose; and finally,

3. that, on one occasion Mr. Karaqi introduced Mr. Thaqi to a marijuana purchaser who purchased a pound of marijuana from Thaqi at a cost of $1,000. The purchaser paid Thaqi $500 but did not pay his outstanding balance to Thaqi. Thaqi held Karaqi responsible for the purchaser's failure to pay his $500 balance, which resulted in Karaqi paying the $500 balance to Thaqi. Mr. Karaqi did not make any money from this, nor was he supposed to. To be clear, Mr. Karaqi made absolutely no money from this transaction and in fact lost money (the $500.00 which he paid to Thaqi).

1

Page 12, paragraph 42: This paragraph should be corrected to indicate that Karaqi was not arrested at his home but rather that he voluntarily surrendered to 26 Federal Plaza after being informed that there was a warrant for his arrest. Furthermore, I incorporate by reference the objections to page 7, paragraph 20 of the PSR mentioned above and add the following:

Karaqi had no proprietary interest in any of the marijuana that was transferred as a result of him introducing a purchaser to Thaqi;

In light of the aforementioned factual corrections, and Karaqi's lack of a proprietary interest in any of the transferred marijuana, we submit that the minimal role reduction (U.S.S.G. §3B1.2(a)) which is contained in the plea agreement is appropriate and that the PSR should be amended to afford Karaqi a 4 point minimal role reduction.

Finally, with regard to the familial motivational relationship reduction provided for in U.S.S.G. §2D1.1(b)(15), we submit that this reduction (which is provided for in the plea agreement) is appropriate since Karaqi (1) should receive a minimal role reduction, (2) did not purchase any marijuana for resale to others, (3) did not make any money from the transactions, (4) engaged in this activity due to his familial relationship with Thaqi and his brothers, and (5) since Karaqi had minimal knowledge of the scope of the illegal activities of his coconspirators.

Page 21, paragraph 73: On July 8, 2013, Mr. Karaqi met with the government and engaged in a safety valve proffer session. We respectfully submit that he has now satisfied all of the criteria of U.S.S.G. §5C1.2 and thus should receive a 2 point reduction pursuant to U.S.S.G. §2D1.1(b)(16).

Page 21, paragraph 75: Based on the aforementioned factual corrections we submit that Mr. Karaqi should be afforded the minimal role reduction which is contained in the plea agreement. As such, this paragraph should be amended to reflect that the defendant was a minimal participant in the criminal activity, and the guideline calculation should be adjusted accordingly to reflect a decrease of 4 levels pursuant to U.S.S.G. § 3B1.2(a).

Finally, as stated above, Mr. Karaqi should be afforded the familial motivation reduction pursuant to U.S.S.G. § 2D1.1(b)(15), which is contained in the plea agreement, because of the following: (1) Karaqi is entitled to the 4-level ("minimal participant") reduction above, which is also contained in the plea agreement, under U.S.S.G. § 3B1.2(a); (2) the defendant was motivated by an intimate or familial relationship; (3) the defendant received no monetary compensation from the illegal transaction; and (4) the defendant had minimal knowledge of the scope and structure of the enterprise. As such, the guidelines calculation contained on pages 21-22 should be amended to reflect an additional decrease of 2 levels.

2

In conclusion, we submit that the PSR should be amended to reflect the factual corrections contained herein. Accordingly, the resulting computation of his sentencing guidelines should be as follows:

| | |
|---|---|
| Base Offense Level (§2D1.1 (c) (10)): | 20 |
| Less: Minimal Role (§3B1.2(a)): | -4 |
| Less: Motivated by Familial Relationship (§2D1.1 (b) (15)) | -2 |
| Less: Safety Valve (§2D1.1(b)(16)) | -2 |
| Less: Acceptance of Responsibility (§3E1.1(a) | -2 |
| Less: Global Disposition (§5K2.0) | -2 |
| **Total Adjusted Offense Level** | **8** |

Please feel free to contact me if you have any further questions.

Very truly yours,

ERIC FRANZ, ESQ.

cc: A.U.S.A. Una Dean (via email)

3